UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

KAWA ORTHODONTICS LLP, a Florida
limited liability partnership, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.

KEYSTONE DENTAL, INC., a Delaware
corporation,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Keystone Dental, Inc. ("Defendant" or "Keystone"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby notices the removal of the above titled action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, No. 50-2021-CA-006081 (the "State Court Action") to the United States District Court for the Southern District of Florida. In support, Defendant states as follows:

**I.     INTRODUCTION**

1. On May 13, 2021, Plaintiff Kawa Orthodontics LLP ("Plaintiff" or "Kawa") filed its Class Action Complaint (the "Complaint") against Defendant in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, alleging, *inter alia*, violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "TCPA"), a federal statute.

2. On May 19, 2021, Defendant was served with process. Copies of the Return/Affidavit of Service showing the date of service for Defendant is attached hereto as **Exhibit A**.

1

3. In accordance with 28 U.S.C. § 1446(a), copies of the process, pleadings, orders, all other papers or exhibits of any kind, and the docket in the State Court Action are attached hereto as **Composite Exhibit B**.

4. Defendant timely filed this Notice of Removal within thirty (30) days of the date of service of process.

5. Defendant is entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 because the Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States," and the TCPA is a federal statute. Thus, removal is proper. *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA. . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.") (internal citations omitted).

6. Defendant is removing the State Court Action to the Southern District of Florida, West Palm Beach Division, because it is the venue "embracing the place where such action is pending," *i.e.*, the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* 28 U.S.C. § 1441(a).

7. Concurrent with the filing of this Notice of Removal and in accordance with 28 U.S.C. § 1446(d), Defendant filed a true and correct copy of its Notice of Removal with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Defendant also served a copy on Plaintiff.

8. As set forth herein and below, Defendant has met and satisfied all procedural requirements for removal.

**II.     NATURE OF THE CASE**

9. In its Complaint in the State Court Action, Plaintiff asserts two claims: Claim or Relief for Violation of the TCPA, 47 U.S.C. § 227 *et seq.* (Count I); and Conversion (Count II).

10. Specifically, Plaintiff alleges that on or about March 25, 2021, Defendant transmitted an unsolicited facsimile advertisement to Plaintiff using a telephone facsimile machine, computer, or other device. *See* Compl., ¶ 15.

11. Plaintiff further claims the fax was addressed to Plaintiff's telephone facsimile number, was sent over a regular telephone line, and was received by Plaintiff through its online fax service provider Vonage Business ("Vonage"). *Id.*

12. According to Plaintiff, the fax was received at Vonage on "equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." After receiving the image, Vonage converted it to a PDF, attached it to an email, and forwarded the email to Plaintiff's email address. Subsequently, the fax was received by Plaintiff on its desktop computer. *Id.*

13. Allegedly, Plaintiff's administrative practice manager opened the email containing the fax attachment, viewed the fax, and determined it was junk fax for which Plaintiff had not provided prior express permission to be sent. *Id.* at ¶ 16.

14. Plaintiff alleges it had no way of knowing the contents of the fax prior to opening the attachment and that the amount of time spent opening the attachment and determining it was "junk" fax was approximately sixty seconds. *Id.*

15. The Complaint further alleges the receipt of the fax harmed Plaintiff in that it violated Plaintiff's right of privacy and interest in seclusion, and the fax was a nuisance. Plaintiff states it was further harmed because it wasted its time reviewing the fax to determine that it was

"junk" and the fax shifted the costs of the advertisement from Defendant to Plaintiff because Defendant accessed Plaintiff's online fax service account for which Plaintiff pays to send Plaintiff the Fax and Defendant did so for free. *Id.* at ¶ 17.

16.     Plaintiff contends Defendant created or made the "junk" fax, or directly paid a third party to do so and that it was sent by or on behalf of Defendant with Defendant's full knowledge. *Id.* at ¶ 19.

17.     Plaintiff further contends it did not give Defendant prior express invitation or permission to send the fax. *Id.* at ¶ 21.

18.     Plaintiff states that it believes Defendant faxed the same and other unsolicited facsimile advertisements to Plaintiff and at least 40 other recipients or sent the same and other advertisements by fax without first receiving the recipients' express invitation or permission, and without having an established business relationship (EBR) as defined by the TCPA and its regulation. *Id.* at ¶ 22.

### III.     LEGAL GROUNDS FOR REMOVAL

####     A.     Federal Question Jurisdiction Exists

19.     Plaintiff's Complaint is, on its face, brought pursuant to a federal statute, and references federal regulations, alleged federal common law, and alleged federal administrative rulings.

20.     Federal question jurisdiction is governed by the "well-pleaded complaint rule," and federal jurisdiction exists when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). "[T]he Court must look at the plaintiff's complaint at the time of removal." *Gables Ins. Recovery v. United Healthcare Ins. Co.,*

39 F. Supp. 3d 1377, 1383 (S.D. Fla. 2013); *accord Herman v. Hartford Life & Acc. Ins. Co.*, No. 10-61661-CIV, 2011 WL 1458050, *2 (S.D. Fla. Apr. 15, 2011).

21. Plaintiff's Complaint attempts to allege a cause of action for purported violations of the TCPA. The TCPA, a federal statute, thus creates Plaintiff's alleged claim. A suit arises under the law that creates the cause of action. *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368, 377 (2012).

22. As a result, Plaintiff's TCPA claim arises under the laws of the United States within the meaning of 28 U.S.C. §1331 and this Court has original jurisdiction pursuant to 28 U.S.C. §1331. *Id.* at 372.

23. Removal of this putative TCPA class action is proper, and this Court has jurisdiction pursuant to 28 U.S.C. §1441(a). *Mims*, 565 U.S. at 386; *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012).

## IV. PRESERVATION OF RIGHTS

24. By virtue of this Notice of Removal of Action and the Notice filed in the State Court Action, Defendant does not waive its rights to assert any defenses, including but not limited to, personal jurisdictional and venue defenses, the legal sufficiency of the claims alleged in the State Court Action, or any other motions including Rule 12 motions, motions to compel arbitration, or both, as otherwise permitted by the Federal Rules of Civil Procedure.

## V. CONCLUSION

WHEREFORE, Defendant Keystone Dental, Inc. removes this action from the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to this Court, and respectfully requests that this Court assume full jurisdiction over this case, action and all causes and defenses herein, as provided by law.

Dated: June 10, 2021.                    Respectfully submitted,

/s/ Jeffrey B. Pertnoy
Jeffrey B. Pertnoy, Esq. (Florida Bar No. 91939)
**AKERMAN LLP**
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Phone:  (561) 653-5000
Fax:  (305) 659-6313
jeffrey.pertnoy@akerman.com

- AND –

Joseph E. Wolfson, Esq.[1]
Nicholas H. Pennington, Esq.[2]
**STEVENS & LEE**
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19102
Phone: (215) 751-1249
Fax: (610) 988-0808
joseph.wolfson@stevenslee.com
nicholas.pennington@stevenslee.com

*Counsel for Defendant*

## CERTIFICATION OF SERVICE

I hereby certify that on June 10, 2021, a true and correct copy of Defendant Keystone Dental Inc.'s Notice of Removal was served *via* First Class Mail and e-mail upon Plaintiff's counsel of record, Ryan M. Kelly, Esq., **Anderson + Wanca**, 3701 Algonquin Rd., Suite 500, Rolling Meadows, IL 60008, rkelly@andersonwanca.com

Dated:  June 10, 2021.                    /s/ Jeffrey B. Pertnoy
                                          Attorney

---

[1] *Pro hac vice* application forthcoming.
[2] *Pro hac vice* application forthcoming.

58564000;1