UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-81044-AMC

KAWA ORTHODONTICS LLP, a Florida
limited liability partnership, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

KEYSTONE DENTAL, INC., a Delaware
corporation,

    Defendant.
_____/

**DEFENDANT KEYSTONE DENTAL INC.'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Keystone Dental, Inc. ("**Keystone**"), by and through its undersigned counsel and pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., moves to dismiss the entirety of Plaintiff Kawa Orthodontics, LLP's ("**Plaintiff**") First Amended Complaint with prejudice.

**I.     INTRODUCTION**

Plaintiff commenced this action by filing a Class Action Complaint against Keystone in the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida, on May 13, 2021, asserting claims for an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("**TCPA**") (Count I) and a claim for common law conversion (Count II). The claims arose out of a single facsimile which Plaintiff characterizes as a "junk fax" (and which Plaintiff admits it only received by e-mail only, not a physical, printed fax), and which Plaintiff alleges Keystone transmitted to Plaintiff without Plaintiff's prior invitation or authorization. Keystone removed the case to this Court on June 10, 2021 [ECF No. 1] and promptly moved to dismiss the removed Class Action Complaint on June 17, 2021 [ECF No. 8].

1

After seeking an extension of time to respond to Keystone's motion to dismiss, Plaintiff filed a First Amended Class Action Complaint ("**Amended Complaint**") on July 8, 2021 [ECF No. 19], slightly modifying the allegations to replace the name of the online fax provider used by Plaintiff. Despite the amendment, both claims are still subject to dismissal. As to the TCPA claim, Plaintiff lacks standing under the facts alleged and the admissions made in the Complaint, which were not remedied by the amendment. Binding precedent still requires dismissal.

Plaintiff's conversion claim should also be dismissed for three reasons. First, the elements of the claim are still not met because Plaintiff cannot prove it was "deprived" of any property. Second, Plaintiff's allegations are barred by the *de minimis* doctrine. Third, Plaintiff made no demand for the alleged "stolen" property's return, which is a critical element in a conversion claim.

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiff alleges that, on or about March 25, 2021, Keystone transmitted an unsolicited facsimile advertisement to Plaintiff through its online fax service provider, Mitel NetSolutions WebFax service ("**Mitel**"). Am. Compl., ¶ 15. Plaintiff further alleges that Mitel converted the fax to a PDF and sent an email notification to Plaintiff which included the attached PDF. *Id.* The fax was allegedly received by Plaintiff on its desktop computer, not on a physical fax machine. *Id.* Plaintiff claims it took approximately sixty seconds to open the email attachment, review the fax, and determine the fax was a "junk" fax. *Id.* at ¶ 16.

Despite that Plaintiff admits the fax was transmitted by e-mail, and not a physical hard copy that used toner and paper, Plaintiff still claims that Keystone violated the TCPA and converted Plaintiff's property such that Plaintiff was deprived of the use of its fax machine, paper, toner, and employee time, and suffered damages as a result.

**III.     MEMORANDUM OF LAW**

    **A.     Motion to Dismiss Standard**

"A motion to dismiss will be awarded if the plaintiff fails to state a claim in which relief can be granted." *Krzykwa v. Campbell Soup Co.,* 946 F. Supp. 2d 1370, 1372 (S.D. Fla. 2013) (Dimitrouleas, J.); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (holding that "a plaintiff's obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do")(citations omitted). A complaint must state a plausible claim for relief and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1261 (11th Cir. 2009) *(citing Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering a motion to dismiss, the Eleventh Circuit has instructed courts to "adopt a two-pronged approach in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (citations omitted). Conclusory allegations provide no support for the sufficiency of a complaint. *Aldana v. Del Monte Fresh Produce, NA., Inc.,* 416 F.3d 1242, 1253 (11th Cir. 2005) (stating that "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal").

### B.     Count I (TCPA) Must Be Dismissed for Lack of Standing

Article III standing is jurisdictional and, therefore, a threshold inquiry. *Marrero v. Benitez,* No. 1:17-cv-21026, 2017 WL 7796341, at *5 (S.D. Fla. Aug. 3, 2017) (Ungaro, J.) (quoting *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 974 (11th Cir. 2005)). The question of standing asks whether a litigant is entitled to have the court decide the merits of the dispute. *Marrero,* 2017 WL 7796341, at *5. The standing requirement is derived from Article III of the Constitution, which provides that federal courts may only hear "cases or controversies." *Id.* (quoting *Amer. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1068 n. 16 (11th Cir. 2007)).

To establish that a "controversy" exists, a plaintiff must show that it suffered an "injury in fact," an invasion of a legally protected interest which is concrete and particularized, and actual or imminent, not conjectural or hypothetical. *Id.* In addition, the plaintiff must show causation, *i.e.,* that the injury is fairly traceable to the alleged wrongdoing of the defendant. *Id.* In other words, Article III requires the party invoking the Court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury can be fairly traced to the challenged action of the defendant." *Klayman v. Clinton,* No. 15-cv-80388, 2015 WL 10857500, at *5 (S.D. Fla. Aug. 11, 2015) (Middlebrooks, J.) (citations omitted); *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016) ("To have standing, a party must show that [s]he '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision'").

The "bare procedural violation" of a statute, however, is not enough [for standing], even if Congress prescribed a cause of action. *Id.* at 1549. In other words, the Supreme Court has "rejected the premise . . . that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to

59098194;2

vindicate that right.'" *See Frank v. Gaos,* 139 S. Ct. 1041, 1045 (2019) (quoting *Spokeo,* 136 S. Ct. at 1549)); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020) (holding that a technical violation of the statute does not confer standing due to a lack of concrete harm).

In sum, regardless of any alleged TCPA violation, Plaintiff must show that Keystone's purported fax (or in this case, e-mail) caused a concrete harm to Plaintiff. *Id.* Even with this Amended Complaint – which only names a new online fax provider but does not change any substantive allegations – it still cannot.

In a recent case in this circuit, which is directly on point, the Court disposed of a TCPA "junk" fax case involving an identical set of facts. In *Daisy, Inc. v. Mobile Mini, Inc.,* 489 F. Supp. 3d 1287, 1294 (M.D. Fla. 2020), *appeal dismissed sub nom., Daisy, Inc. v. Mobile Mini Dealer, Inc.,* No. 20-14017-DD, 2021 WL 1617973 (11th Cir. Feb. 10, 2021), the plaintiff sued the defendant for violating the TCPA for sending one unwanted fax to plaintiff. Like here, the plaintiff in *Daisy* used Vonage, an online fax service provider, to "receive[] its faxes through an online service." *Id.,* at 1289. Also like here, "Vonage acts as a sort of middleman," sending faxes by e-mail to the plaintiff. *Id.* It was undisputed, like it is here, that the plaintiff in *Daisy* "received the fax by e-mail, not a fax machine." *Id.*, at 1292. The Court noted the importance of this key fact, and held that this fact alone "distinguishe[d] [the] case from others where the Eleventh Circuit found concrete injuries based on plaintiffs' occupied fax machines and their lines or imposed printing costs." *Id.* (citing cases).

Instructive here, the Court held this fact pattern is different from other junk fax cases, where a fax was sent to a physical fax machine, and paper used to print the *fax*. *Id.* Under those circumstances, injuries were present. As the Court put it "[i]f this were a regular fax case . . . [plaintiff] would have standing . . . but this case is different." *Id.* The Court noted that

the plaintiff in *Daisy* could not claim those injuries, which are typical in *regular* TCPA fax cases. Instead plaintiff can "allege[] only an intangible harm of wasted time" based on plaintiff's employee having spent one minute reviewing the fax, deciding it was junk, and dragging the e-mail into his spam folder."[1]  *Id.*

As the Court should do here, the *Daisy* Court held that the plaintiff lacked standing and disposed of the TCPA cause of action.[2]  In so doing, the Court flatly rejected the plaintiff's argument that the intangible injuries described were sufficient to confer standing.  *Id.* at 1292-93. The Court correctly described the alleged harm – on which no cause of action under the TCPA could be based – as "the kind of fleeting infraction . . . that [the] law has resisted addressing," which is "more akin to walking down a busy sidewalk and having a flyer briefly waived in one's face than a harm conferring Article III standing."  *Id.* at 1295 (quoting *Salcedo v. Hanna*, 936 F.3d 1162, 1173 (11th Cir. 2019)).

The Court also correctly noted that the statute at issue, 47 U.S.C. § 227(b)(1)(C) actually prohibits "unwanted ads sent from a fax machine, computer or other device ***to a fax machine*** . . . while Congress could have extended that prohibition to faxes no matter how they are received, it did not.  ***So there is no indication from the statutory text that Congress sought to protect against the harm of wasted time spent reviewing faxes received by e-mail***."  *Daisy,* 489 F. Supp. 3d at 1295 (emphasis added).  "Wasted time spent reviewing faxes received over e-mail" is simply not the type of harm Congress sought to protect."  *Id.* at 1296.

---

[1]  It is no shock that these are the <u>identical</u> allegations presented by Plaintiff here, given that Plaintiff's counsel was the same in both cases.

[2]  *Daisy* was technically disposed of on summary judgment.  Plaintiff will undoubtedly try to argue that because of this, the case is distinguishable, and the Court should refuse to dispose of this case at the motion to dismiss phase.  Such an argument should fall on deaf ears, because the Court in *Daisy* specifically noted that "whether the motion to dismiss or summary judgment standard" applies, "the result is the same regardless . . . Daisy lacks standing."  *Id.* at 1290-91.

The Court pointed to legislative history to show why no concrete harm was suffered sufficient to confer standing, stating that "the TCPA's prohibition against sending unsolicited fax advertisements was intended to protect citizens from the loss of the use of their fax machines during the transmission of fax data." *Id.* (quoting *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.,* 781 F.3d 1245, 1252 (11th Cir. 2015)); *see also Advanced Rehab & Med., P.C. v. Amedisys Holding, LLC*, No. 117CV01149JDBJAY, 2020 WL 4937790, at *8 (W.D. Tenn. Aug. 24, 2020) (holding that "fax(es) sent to an online fax service [are] not "an unsolicited facsimile advertisement" prohibited by the TCPA"); *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-HSG, 2021 WL 1056812, at *2 n.3 (N.D. Cal. Mar. 19, 2021) (stating that "the Court believes that anyone who received a fax via an 'online fax service' likely has no TCPA claim as a matter of law"). Because the fax in *Daisy,* like here, was sent by e-mail only, there was no "loss of use" of a machine, and no concrete harm to confer standing.

The Court also astutely noted that, while other federal statutes specifically address and may provide redress for the "time spent accessing, reviewing and discarding" spam e-mails, the TCPA does not, as it is clear that "Congress never amended the TCPA to account to intangible harms suffered from faxes received over e-mail." *Daisy,* 489 F. Supp. 3d at 1296-97.

Finally, analyzing recent FCC guidance on this point, the Court correctly found that "regulatory interpretation of the TCPA buttresses a conclusion the harm alleged here is not concrete," as the FCC has found, and recently reaffirmed that "faxes sent to online fax services do not cause the specific harms to consumers Congress sought to address in the TCPA." *Id.* (quoting *In re Amerifactors Fin. GT. LLC Pet. for Expedited Declaratory* Ruling, No. 02-278, 05-338, 2019 WL 6712128, at *3-4 (2019)); *see also In re Joseph T. Ryerson & Son, Inc. Pet. for Expedited Declaratory Ruling,* No. 02-278, 05-338, 2020 WL 5362216, at *4 (2020) (reiterating

that "transmissions that are effectively email do not implicate the consumer harms Congress sought to address in the TCPA, such as tying up phone/fax lines and the unnecessary use of paper and toner/ink from automatic printing"); *In the Matter of Amerifactors,* 2019 WL 6712128, at *1 (stating "we make clear that an online fax service that effectively receives faxes 'sent as email over the Internet' and is not itself 'equipment which has the capacity...to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper' is not a 'telephone facsimile machine' and thus falls outside the scope of the statutory prohibition.").

For all of these reasons, the Court in *Daisy* correctly dismissed plaintiff's TCPA claim. The circumstances here, and the analysis, are identical. The Court should dismiss Count I with prejudice, as the Plaintiff did not, and cannot, cure the fatal admissions and defects.

### C. **Count II (Conversion) Must Be Dismissed For Failure To State A Claim**

Plaintiff's conversion claim in Count II should be dismissed because (1) Plaintiff fails to plead the elements of conversion, (2) the *de minimus* doctrine bars the claim, and (3) Plaintiff failed to demand the return of the property, and similarly, because under the facts presented, there was no "stolen" or converted property.

#### 1. **Plaintiff Fails to Plead the Elements of Conversion**

Count II must be dismissed because Plaintiff still cannot properly plead the elements of conversion. "The necessary element of a conversion is wrongful deprivation of the owner of his property." *Goodrich v. Malowney*, 157 So. 2d 829, 831 (Fla. 2d DCA 1963); *Black Business Inv. Fund of Cent. Florida, Inc. v. State, Dept. of Economic Opportunity,* 178 So. 3d 931, 936-37 (Fla. 1st DCA 2015) (stating that conversion "is based on a positive, overt act or acts of dominion or authority over the money or property inconsistent with and adverse to the rights of the true owner."). An essential element of any conversion claim is that the defendant must have taken

59098194;2

possession of the item the plaintiff has the right to possess. *DePrince v. Starboard Cruise Services, Inc.,* 163 So. 3d 586, 597 (Fla. 3d DCA 2015).

Here, there is no allegation that Keystone had possession of any property in a manner inconsistent with the Plaintiff's right to ownership. Thus, no conversion has occurred. *See Medinis v. Swan,* 955 So. 2d 595, 597 (Fla. 2d DCA 2007) (rejecting claim for conversion of corporate stock where the defendant never had possession of the stock and it was therefore "legally impossible for him to convert it"); *Burshan v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 805 So. 2d 835, 845-46 (Fla. 4th DCA 2001) (granting motion to dismiss conversion claim where the defendant bank "never took possession of the money" in the bank accounts, and "at all times it stayed in the [plaintiff s] accounts").

Here, Plaintiff alleges that Keystone "misappropriated" the "fax machines, telephone line, toner, paper, online fax service account and employee time," but never alleges any overt act of dominion over such personal property nor any change in possession. Significantly, because the fax was sent to an e-mail and not a physical fax machine, Plaintiff is categorically estopped from arguing that it was "deprived" of any physical property – not toner, paper, or a fax machine itself.

It is undisputed, and Plaintiff admits, that it simply received an e-mail through its Mitel account. Nothing more. Therefore, Plaintiff's conversion claim must be dismissed. *See Daisy, Inc.,* 489 F. Supp. 3d at 1294 (noting, under identical circumstances (and in a case involving the same Plaintiff's counsel), that where an alleged junk fax was sent by e-mail to the plaintiff through its Vonage account, the defendant "did nothing resembling . . . conversion of [plaintiff's] property by occupying a [fax] machine, tying up the fax line, or printing the ad."); *see also Levine Hat Co. v. Innate Intel., LLC*, No. 4:16-CV-01132 SNLJ, 2021 WL 1889869, at *6 (E.D. Mo. May 11, 2021) (noting that putative class "members who received the subject faxes via email (rather than

on an actual fax machine) may not have a conversion claim at all because those class members were not out the use of their paper and toner").

### 2. **Plaintiffs Conversion Claim Fails Based on the *De Minimis* Doctrine**

Plaintiff's conversion claim should also be dismissed because the damages, if any, *are de minimis*. To state a claim for conversion under Florida law, Plaintiff must allege actual damage. *See Regions Bank v. Maroone Chevrolet, LLC,* 118 So. 3d 251, 257 (Fla. 3d DCA 2013). Federal courts have addressed the viability of a conversion claim in the context of an allegedly unsolicited fax under the *de minimus* doctrine and have dismissed the conversion claims that were asserted alongside the TCPA claims. *See, e.g., e.g., Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.,* 633 F. Supp. 2d 610, 615 (N.D. Ill. 2009); *Rossario's Fine Jewelry, Inc. v. Paddock Pubs., Inc.,* 443 F. Supp. 2d 976 (N.D. Ill. 2006). Consistent with these opinions, Florida courts routinely apply the maxim of *de minimis non curat lex* – the law does not concern itself with trifles. *See, e.g., Molter v. State,* 892 So. 2d 1115, 1119 (Fla. 2d DCA 2004). The Court should apply this logic here. Plaintiff admits that there was no paper or toner used because the fax went to an e-mail through the Mitel account. This fact pattern, Courts have held, does not "tie up" a fax machine, because simply receiving an e-mail does not require that a computer dedicate itself to the receipt of an email, and therefore, it does not "tie up" a computer or fax machine. *See Daisy,* 489 F. Supp. 3d at 1294.

In sum, no materials were used or taken from Plaintiff in sending the fax. Taking Plaintiff's allegations as true and viewing the allegations in the light most favorable to Plaintiff, Plaintiff's alleged damages are, at best, based on an alleged sixty seconds of Plaintiff's (a corporation) time. *See Chicago Car Care Inc. v. A.R.R. Enterprises*, No. 19-CV-07687, 2021 WL 1172262, at *3 (N.D. Ill. Mar. 29, 2021) (dismissing conversion claim and holding that "the alleged damages can be quantified—the cost (in pennies) of paper and toner and the seconds of an employee's time

required to discard the fax, described in a junk mail case as "[t]he short, though regular, journey from mail box to trash can… The damages alleged here are *de minimis*, not nominal. Chicago Car offers no authority that would distinguish the trespass from chattels claim from the conversion claim on this issue"). Accordingly, under the *de minimus* doctrine, Count II should be dismissed.

### 3. Plaintiff's Conversion Claim Should Be Dismissed Because No Demand Was Made, or Could Have Been Made, for Any Property's Return

Plaintiff's conversion claim fails because there was no demand for the return of Plaintiff's property, nor could there have been, because nothing was "stolen" or converted. A demand for the return of converted property "is an essential element in any claim for conversion and failure to make such a demand or allege the futility of doing so is fatal." *Ginsberg v. Lennar Fla. Holdings, Inc.,* 645 So. 2d 490, 500 (Fla. 3d DCA 1994); *In re Energy Smart, Inc.,* 381 B.R. 359, 377 (Bankr. M.D. Fla. 2007) (stating that to recover for conversion under Florida law, a plaintiff must show by a preponderance of the evidence: (i) a right to property; (ii) a demand for the return of that property; and (iii) the defendants' refusal to return the property).

As a threshold matter, the facts pleaded in Plaintiff's Complaint conclusively show that no conversion took place. Nothing was stolen. No property was taken, misappropriated, or even used by Keystone (assuming that Keystone was even the entity responsible for sending the alleged fax). Plaintiff received an e-mail. That is all. The receipt of an e-mail cannot constitute the conversion of property.

Assuming *arguendo* that there was actionable conduct that even occurred (there was not), nowhere in the Amended Complaint does Plaintiff allege that it made a demand on Keystone for the return of the alleged "stolen" property, nor does Plaintiff allege that making a demand would be futile. If Plaintiff argues that it was unable to make a demand due to the nature of the allegedly

59098194;2

"stolen" property, that will effectively prove the legal insufficiency of the claim, *i.e.*, that nothing could have been converted under the facts alleged. Plaintiff's failure (and if applicable, its inability) to make such demand is fatal to its conversion claim. It should be dismissed.

## IV. CONCLUSION

For the reasons stated above, Keystone respectfully requests that the Court enter an Order dismissing the Amended Complaint in its entirety with prejudice[3] and granting Keystone such further and additional relief as the Court deems just and proper.

Dated: July 20, 2021

Respectfully submitted,

*/s/ Jeffrey B. Pertnoy*
Jeffrey B. Pertnoy, Esq. (Florida Bar No. 91939)
**AKERMAN LLP**
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Phone: (561) 653-5000
Fax: (305) 659-6313
jeffrey.pertnoy@akerman.com

- and -

Joseph E. Wolfson, Esq. *(pro hac vice)*
Nicholas H. Pennington, Esq. *(pro hac vice)*
**STEVENS & LEE**
1500 Market Street, East Tower
18th Floor
Philadelphia, PA 19102
Phone: (215) 751-1249
Fax: (610) 988-0808
joseph.wolfson@stevenslee.com
nicholas.pennington@stevenslee.com

*Counsel for Defendant*

---

[3] Where, as here, a claim's failures, and the admissions made in the Complaint are so material that no curative amendment is possible, dismissal with prejudice is appropriate, even on the first complaint. *See Wolf v. Pacific Nat. Bank,* No. 09-21531, 2010 WL 5888778, at *12 (S.D. Fla. Dec. 28, 2010) (Torres, M.J.) (citations omitted).

59098194;2

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2021, a true and correct copy of Defendant Keystone Dental Inc.'s Motion to Dismiss was served *via* e-mail upon Plaintiff's counsel of record, Ryan M. Kelly, Esq., **Anderson + Wanca**, 3701 Algonquin Rd., Suite 500, Rolling Meadows, IL 60008, rkelly@andersonwanca.com and via the CM/ECF electronic filing portal.

*/s/ Jeffrey B. Pertnoy*
Attorney